UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| JEROME LUCAS, a/k/a<br>JEROME LEKENDRIC LUCAS,<br><br>      Petitioner,<br><br>  vs.<br><br>UNITED STATES OF AMERICA,<br><br>      Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIV. 13-5017-JLV<br><br>AMENDED<br>ORDER OVERRULING<br>PETITIONER'S OBJECTION,<br>ADOPTING REPORT AND<br>RECOMMENDATION, AND<br>DISMISSING PETITION |

    Petitioner Jerome Lucas is a federal prisoner incarcerated in the United States Penitentiary in Florence, Colorado. (Docket 1-3). Mr. Lucas filed a petition pursuant to 28 U.S.C. § 2241 challenging the constitutionality of his conviction in <u>United States v. Jerome Lekendric Lucas</u>, CR. 06-50057-AWB (D.S.D. 2007). (Docket 1). United States Magistrate Judge John E. Simko filed a report recommending the petition be denied with prejudice. (Docket 3). Mr. Lucas timely filed an objection to the report and recommendation. (Docket 4). Mr. Lucas claims he timely filed a 28 U.S.C. § 2255 petition for a writ of habeas corpus on April 17, 2008. <u>Id.</u> at p. 1. He claims the § 2255 petition was given "to Officer Guzman, which my mail was marked as legal mail, so it will be logged in the legal mail book as proof." <u>Id.</u> at pp. 2-3. "However, after waiting four (4) years for a response to his 2255 motion, he was advised to file the current 2241 motion." <u>Id.</u> at p. 2.

Mr. Lucas's objection represents that a copy of his § 2255 petition as filed in 2008 was attached. Id. at p. 3. Neither a copy of the penitentiary legal mail book nor a copy of a 2008 section 2255 petition were attached to Mr. Lucas's objection.[1]

On January 25, 2007, Mr. Lucas entered a guilty plea to felon in possession of a firearm-armed career criminal in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). See CR. 06-50057, Docket 20. On April 30, 2007, Mr. Lucas was sentenced to 180 months of incarceration and 5 years of supervised release. See CR. 06-50057, Docket 26. Mr. Lucas did not file a direct appeal. (Docket 3 at p. 2); see also CR. 06-50057.

The court reviews *de novo* those portions of the report and recommendation which are the subject of objections. Thompson v. Nix, 897 F.2d 356, 357-58 (8th Cir. 1990); 28 U.S.C. § 636(b)(1). The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). After careful review of the record, the court adopts the findings and recommendations of the magistrate judge and denies Mr. Lucas's petition.

---

[1] A handwritten § 2255 petition dated "4-17-08" was received by the clerk of court on March 25, 2013. Lucas v. United States, CIV. 13-5021-JLV, Western Division, District of South Dakota. (Docket 1). The envelope was marked "Legal Mail 3/19/2013 JLL." (Docket 1-1 at p. 1). The penitentiary legal mail certification indicated the envelope was received for processing on March 20, 2013. Id. at p. 2. The envelope bears a United States Postal Service postmark of March 20, 2013. Id. at p. 1. The petition in CIV. 13-5021 will be separately addressed in that case.

## DISCUSSION

The report and recommendation properly identifies the limited nature of a § 2241 petition. (Docket 3 at pp. 2-3). "A petitioner may attack the *execution* of his sentence through § 2241 in the district where he is incarcerated; a challenge to the *validity* of the sentence itself must be brought under § 2255 in the district of the sentencing court." Matheny v. Morrison, 307 F.3d 709, 711 (8th Cir. 2002) (referencing Bell v. United States, 48 F.3d 1042, 1043 (8th Cir. 1995) (emphasis added). A § 2255 petition is the sole remedy available to Mr. Lucas as he is collaterally challenging the validity of the original sentence. "It is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255 . . . and not in a habeas petition filed . . . under § 2241." Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003).

The only avenue for relief by a § 2241 petition exists when the petitioner can prove a "§ 2255 [petition] was inadequate or ineffective to test the legality of [his] conviction." Id. Mr. Lucas bears "the burden of demonstrating § 2255 relief in the sentencing court would be unavailable or ineffective." Id. "[A] § 2255 motion is not inadequate or ineffective merely because: (1) § 2255 relief has already been denied, (2) [the] petitioner has been denied permission to file a second or successive § 2255 motion, (3) a second or successive § 2255 motion has been dismissed, or (4) [*the*] *petitioner has allowed the one year statute of limitations and/or grace period to expire*." Id. (citing United States v.

Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000) (internal quotation marked omitted, emphasis added).

      Mr. Lucas' challenge to the constitutionality of his original sentence in 2007 could have been raised in a § 2255 petition.  Mr. Lucas claims he prepared and delivered a § 2255 petition within the prison legal mail system, but provides no proof of delivery through a legal mail log or other evidence.  Rather, the one-year statute of limitations expired.  The court finds Mr. Lucas has not met his burden to show a remedy under § 2255 was inadequate or ineffective.

      Accordingly, it is hereby

      ORDERED that Mr. Lucas' objection to the report and recommendation (Docket 4) is overruled.

      IT IS FURTHER ORDERED that the report and recommendation of Magistrate Judge John E. Simko (Docket 3) is adopted by the court.

      IT IS FURTHER ORDERED that Mr. Lucas' petition (Docket 1) is dismissed with prejudice.

      IT IS FURTHER ORDERED that a certificate of appealability shall not issue.

      Dated March 6, 2014.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE